**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

RICKY BARNARD TATUM                                                                         PLAINTIFF
ADC #108115

V.                             NO: 2:09CV00042 JLH/HDY

GREG HARMON *et al.*                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District

>   Judge (if such a hearing is granted) was not offered at the
>   hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the
>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

>   Mail your objections and "Statement of Necessity" to:
>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on April 9, 2009, alleging that he was subjected to retaliatory disciplinary measures after filing a complaint against Corporal Adrian Wallace, who is the only remaining Defendant. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

The events at issue in this case arose at the EARU, where Plaintiff contends that Wallace sexually harassed him, and, after Plaintiff filed a grievance, retaliated against him by filing false disciplinary charges against him. Plaintiff filed a grievance naming Wallace on November 5, 2008. Wallace has written Plaintiff a number of disciplinary citations since that date. For each disciplinary

introduced at the hearing, Plaintiff had a hearing and, after each hearing, was convicted of at least some of the charges in each citation. Wallace submitted copies of the decisions as his exhibits #8-#11.

## II. Analysis

A retaliatory disciplinary can be actionable. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure). However, the Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Id.* The Eighth Circuit has reiterated that, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995). In each hearing on the disciplinary charges introduced as evidence at the hearing, Plaintiff was afforded an opportunity to defend himself against the charges, but the hearing officer ultimately accepted the staff report in determining Plaintiff was guilty. Thus, Plaintiff's conviction in each instance forecloses any claim of retaliation.

The evidence indicates that Wallace did file various disciplinary charges, but that the charges were based on Plaintiff's conduct. Sgt. Wallace McNary testified that he had disciplinary problems with Plaintiff in the past, and Plaintiff acknowledged that he had a disciplinary history with other

officers. Although the Court allowed Plaintiff two witnesses, he elected to not call them. Plaintiff failed to meet his burden of proving that any of the disciplinary charges were written in retaliation for his engaging in protected activity.

Although Plaintiff was clear at the hearing in asserting that his case is about retaliation, and not sexual harassment, he would not have a claim for sexual harassment either. Sexual harassment or abuse of an inmate by a prison guard may in some circumstances constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). However, the Eighth Circuit has indicated that verbal harassment alone, without any physical contact, is insufficient to constitute the unnecessary and wanton infliction of pain. *Howard v. Everett*, 208 F.3d 218 (unpub. table op.)(8th Cir. 2000)(internal citations omitted). Here, there was no allegation of physical contact, but at most only unprofessional comments.

Finally, it is worth noting that Plaintiff has submitted exhibits containing various ADC policies, which he contends have been violated. However, violation of a prison policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

[1] At the hearing, Plaintiff also indicated that he wanted a jury trial, and appointment of counsel. Plaintiff's jury demand is not timely, and is therefore waived. *See* Fed. R.Civ.P. 38 (b)(1), (d). Plaintiff has previously been denied counsel (docket entry #10), and is not entitled to appointed counsel in a civil case. To the extent that Plaintiff is attempting to make motions for a jury trial and appointment of counsel, the motions should be denied.

dismissing this action is considered frivolous and not in good faith.

DATED this __10__ day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE